{¶ 107} I concur in judgment only with the majority's analysis on the second assignment of error. I concur fully with the majority opinion and analysis on the remaining assignments of error.
 {¶ 108} On the second assignment of error, the majority focuses on the third prong of Evid.R. 804(B)(3) with regard to the admissibility of hearsay statements that have "corroborating circumstances indicate the `trustworthiness of the statements.'"
 {¶ 109} The longstanding analysis for admissibility of hearsay statements under that prong was rejected by the United States Supreme Court in Crawford v. Washington (2003), 541 U.S. 36. Further, this court adopted the Crawford standard in State v. Allen, Cuyahoga App. No. 82556, 2004-Ohio-3111.
 {¶ 110} "With Crawford, 158 L.Ed.2d 177, 124 S.Ct. 1354, the Confrontation Clause has regained its preeminence over previously carved `evidentiary' exceptions to its application. In Crawford, after completing a lengthy historical review of the principles behind the Confrontation Clause, the United States Supreme Court clarified its view on the erosions to the Confrontation Clause caused by the evidentiary exceptions. Id. `Leaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices. Id.'" Allen,
supra.
 {¶ 111} Although the majority of cases deal with prosecutors attempting to introduce hearsay statements against defendants, here we have a defendant attempting to use the hearsay statement of a purportedly "unavailable" witness. While the right to confront under Crawford appears to belong exclusively to the individual defendant, the "trustworthiness" or "credibility" of statements as the basis for admissibility of testimonial statements appears to have ended.
 {¶ 112} "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the United States Constitution actually prescribes: confrontation."Crawford, 241 U.S. at 54.
 {¶ 113} Nevertheless, the State cannot claim the constitutional protections of the Sixth Amendment in the same manner as Perry. Constitutional rights are individual rights, not rights of the government.
 {¶ 114} Even if the Crawford standard does not apply to testimonial statements offered by the accused, there is now a question of whether the traditional "trustworthiness" or "credibility" method should still be used to determine the admissibility of these unique statements offered by the defense. The majority employs the traditional view. In my view, this question remains unanswered by this case because of the failure of the defense to disclose the actual statement or the identity of the potential witness, and what the witness might say, prior to trial.
 {¶ 115} Regardless of what standard is to be applied, disclosure of such statements, or the identity of such potential witnesses, must be forthcoming if fairness at trial is to be achieved.
 {¶ 116} In this instance, Perry knew of Baker's identity and the content of his statement prior to trial, but failed to disclose this information to the state. The majority correctly points out the danger of allowing such a tactic to be utilized at trial. For this reason alone, the statement must be excluded.
 {¶ 117} The issue of how such a statement could be used at trial remains unanswered by this analysis in the absence of full disclosure by the defense. Clearly, if the statement is disclosed prior to trial, its admissibility would have to be determined by the trial court. In light ofCrawford, I would leave open the question of what method would be used to determine admissibility. I would predicate any review of admission on full disclosure of the statement, or the potential witness's identity and what that witness may say, prior to trial.